```
                                              FILED
                                         U.S. DISTRICT COURT

                                         2005 JUN 29  P 4: 31

                                           DISTRICT OF UTAH
         IN THE UNITED STATES DISTRICT COURT
                                              BY:_____
                                                  DEPUTY CLERK
         CENTRAL DIVISION, DISTRICT OF UTAH
```

|  |  |  |
|---|---|---|
| KENNETH G. HANSEN, et al., | : | Case No. 2:04cv867 ~~2:04 cv 096~~ TS |
| Plaintiff, | : |  |
| vs. | : | ORDER DENYING MOTION TO QUASH SUMMONS |
| MARC S. JENSON, et al., | : | JUDGE TED STEWART |
| Defendants. |  | MAGISTRATE JUDGE BROOKE C. WELLS |

Before the Court is named Defendant, George Lawrence Critchfield's Motion to Quash Summons. See Motion, docket no. 32. Previously, Judge Stewart granted Plaintiffs motion to serve Defendants Critchfield and Sterling by First Class Mail. See Order, docket no. 22. Mr. Critchfield concedes that "the method of service was proper and ordered by the court." Mem. in Supp. p. 3. However, Mr. Critchfield argues that "he is neither an officer of Sterling nor an authorized agent for service of

process" therefore, this Court should quash the summons he received on behalf of Sterling. Id. p. 1-2.

Plaintiffs counter, offering evidence that directly contradicts Mr. Critchfield's affidavit and arguments. Specifically, they offer a series of documents attached to their Opposition Memoranda. These include: (1) a guarantee agreement concerning investors signed by "G. Lawrence Critchfield." The Court finds this signature to look nearly identical to the signature on Mr. Critchfield's affidavit which was filed in support of his motion. See Opp. Ex. A. (2) A notebook referenced in the Complaint that is supported by a letter to Sterling addressed to "Attn: Mr. G.L. Critchfield." See Opp. Ex. B. (3) A print out from the Utah Division of Corporations showing the registered agent for Sterling as "J. Williams" located at the home address of Mr. Critchfield, which is the same address to which the Summons and Complaint were mailed. See Opp. Ex. C. (4) A UCC financing statement with Sterling as Debtor with Mr. Critchfield's address and signed by "Lawrence Critchfield" on behalf of Sterling. See Opp. Ex. D. And finally, a UCC financing statement that purports to grant a security interest in the stock of Sterling to certain individuals which is signed by "G. Lawrence Critchfield" on behalf of Sterling. See Opp. Ex. E.

Based on the evidence before the Court, the Court finds Mr. Critchfield's assertions that he was, and is not, an officer, managing agent, or general agent for Sterling not credible.

Accordingly, the Court DENIES Mr. Critchfield's Motion to Quash Summons.

It is so ORDERED.

DATED this ~~24th~~ 29th day of June, 2005.

BY THE COURT:

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge