IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH G. HANSEN, et al.,<br><br>Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT CRITCHFIELD'S MOTION TO DISMISS AND STRIKING HEARING |
| vs. | |
| MARC S. JENSON, et al.,<br><br>Defendants. | Case No. 2:04-CV-867 TS |

Defendant Critchfield filed this Motion to Dismiss pursuant to Rule 12(b)(6).  Plaintiffs' Second Amended Complaint contains a number of claims for relief.  The following claims for relief are sought against Defendant Critchfield: (1) Plaintiff's First Claim for Relief - Civil Violation of 18 U.S.C. § 1962(c); (2) Plaintiff's Second Claim for Relief - Civil Violation of 18 U.S.C. § 1962(d); (3) Plaintiff's Third Claim for Relief - Civil Conspiracy; (4) Plaintiff's Fourth Claim for Relief - Conversion of Personal Property; (5) Plaintiff's Fifth Claim for Relief - Conversion of Real Property; and (6) Plaintiff's Eleventh Claim for Relief - Unjust Enrichment.

I.  FACTUAL BACKGROUND

Plaintiffs' forty-page Second Amended Complaint alleges a complex set of events in which a number of individuals, including Critchfield, allegedly sought money for Plaintiffs in order to acquire a line of credit in excess of one hundred million dollars.  Defendants allegedly sought to use this line of credit to participate in a high yield investment program.  Through this program, Defendants allegedly sought to obtain a lot of wealth in a short period of time with little or no risk.

Plaintiffs' Complaint alleges that Defendant Critchfield and others defrauded Plaintiffs of millions of dollars and committed other unlawful acts in an effort to obtain the line of credit needed to invest in the high yield investment program.  The Complaint alleges that Defendants told Plaintiffs that their investments would make a sizeable return.  The Complaint also alleges that Defendants engaged in lulling activities to assure Plaintiffs that their investments were sound and would be repaid.

Defendant Critchfield, in his Motion to Dismiss, argues that the allegations in the Complaint fail to state a cause of action against him.  Plaintiff has responded that the allegations in the Complaint, taken together, establish causes of action against Defendant Critchfield.

II.  12(B)(6) STANDARD

At the outset, the Court notes that it will not convert Defendant Critchfield's Motion to Dismiss into one for summary judgment and will limit its inquiry to the well-pleaded facts in the complaint.[1]

_____

[1]*See Burnham v. Humphry Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).

The standard for considering a Fed. R. Civ. P. 12(b)(6) motion is as follows:

[A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[2]

## III.  RICO CLAIMS

"To successfully state a RICO claim, a plaintiff must allege four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"[3]

## A.      PARTICIPATION IN THE CONDUCT OF AN ENTERPRISE

"The Supreme Court has adopted the 'operation or management' test to determine whether a defendant has 'participated in the conduct' of the affairs of a RICO enterprise.  For liability to be imposed under that test, the defendants must have participated in the operation or management of the RICO enterprise"[4]  RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required.[5]

Plaintiffs' Complaint alleges that Critchfield and Sterling, which Plaintiffs allege is Critchfield's alter ego, participated in the conduct of the enterprise.  Specifically, Plaintiffs' Complaint alleges that Critchfield was engaged in setting up the high yield investment programs

---

[2]*Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citations and quotation marks omitted).

[3]*Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).

[4]*BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1100 (10th Cir. 1999) (citing *Reves v. Ernst & Young (Reves II)*, 507 U.S. 170 (1993)).

[5]*Id*. at 1100–1101.

and recruited others to solicit investments in these programs.   The Complaint alleges that Critchfield, through Sterling, made misrepresentations about the existence of collateral to protect investments which were meant to encourage investment and to discourage investors from taking action after they invested.   Further, the Complaint alleges that Sterling provided a letter to Defendant Brannan which stated that there was a financial transaction in the final stages of closure which would satisfy Brannan's debts.   Brannan then allegedly showed this letter to Plaintiff Hansen and others in order to lull Plaintiffs' concerns and prevent them from taking action against Defendants.   Therefore, Plaintiffs have satisfied this element.

B.      EXISTENCE OF THE ENTERPRISE

The term 'enterprise' "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."[6]

Plaintiffs' Complaint alleges the existence of an enterprise consisting of many individuals, including Critchfield and his alleged alter ego Sterling.   The Complaint goes into great detail explaining how these parties are related and how their actions are related.   Therefore, Plaintiffs have satisfied this element.

---

[6]18 U.S.C. § 1961(4).

C.      A PATTERN OF RACKETEERING ACTIVITY

A pattern of racketeering requires at least two acts of racketeering activity.[7]  Racketeering activity includes a number of crimes, including mail fraud, wire fraud, bank fraud, and witness tampering.[8]

Plaintiffs' Complaint alleges a pattern of racketeering activity.  When taken as a whole, Plaintiffs' Complaint alleges a complex scheme where numerous Defendants, including Critchfield and his alleged alter ego Sterling, engaged in activity which caused numerous individuals to be defrauded.  Plaintiffs' Complaint alleges various instances of mail fraud, wire fraud, bank fraud, and witness tampering.  Therefore, this element has been met.  As a result, Plaintiffs have sufficiently stated a RICO claim against Defendant Critchfield.

## IV.  CIVIL CONSPIRACY

Under Utah law, Plaintiff must show five elements in order to prove a civil conspiracy: (1) a combination of two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, over acts; and (5) damages as a proximate result thereof.[9]

Plaintiffs' Complaint alleges a combination of two or more persons, including Defendant Critchfield.  Plaintiffs' Complaint alleges that Defendants had an object to be accomplished. Namely, Defendants sought money from Plaintiffs to secure a line of credit to invest in a high yield investment program.  Plaintiffs' Complaint alleges that there was a meeting of the minds on

---

[7]*Id*. § 1961(5).

[8]*Id*. § 1915(1).

[9]*Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1064 (Utah 2002).

this course of action.  Plaintiffs' Complaint also alleges unlawful, overt acts, such as fraudulent misrepresentations, mail fraud, wire fraud, bank fraud, and witness tampering.  Finally, Plaintiffs' Complaint alleges that Plaintiffs were injured as a result of Defendants' actions. Therefore, this claim will not be dismissed.

## V.  CONVERSION

Under Utah law, a conversion is an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession.[10] Conversion is concerned with possession, not title.[11]  "Thus, a party alleging conversion must show that he or she is entitled to *immediate* possession of the property at the time of the alleged conversion."[12]

Plaintiffs' Complaint makes a sufficient showing of conversion.  The Complaint alleges that Critchfield and the other Defendants took Plaintiffs' personal property and converted it to their own personal use.  Therefore, this claim will not be dismissed.

## VI.  UNJUST ENRICHMENT

"In order to prevail on a claim for unjust enrichment, three elements must be met.  First, there must be a benefit conferred on one person by another.  Second, the conferee must appreciate or have knowledge of the benefit.  Finally, there must be the acceptance or retention

---

[10]*Fibro Trust, Inc. v. Brahman Financial, Inc.*, 974 P.2d 288, 295–96 (Utah 1999).

[11]*Id* at 296.

[12]*Id*.

by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[13]

Plaintiffs' Complaint alleges that a benefit has been conferred on Defendants; that Defendants had knowledge of this benefit; and that it is inequitable for Defendants to retain this benefit without payment of its value.  Therefore, this claim will not be dismissed.

## VII.  CONCLUSION

It is therefore

ORDERED that Defendant Critchfield's Motion to Dismiss (Docket No. 35) is DENIED and the hearing set for December 20, 2005, is STRICKEN.

DATED   December 15, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13]*Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) (citations and quotation marks omitted).

7