John A. Beckstead (0263)
H. Douglas Owens (7762)
Romaine C. Marshall (9654)
HOLLAND & HART LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah  84111
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
jabeckstead@hollandhart.com
dowens@hollandhart.com
rcmarshall@hollandhart.com
*Attorneys for JPMorgan Chase Bank, N.A., as successor by merger to Bank One, NA*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KENNETH G. HANSEN, an individual, DAVID RUTTER, an individual, TODD FISHER, an individual, FIBERTEL, INC., a Utah corporation, K&D DEVELOPMENT, LC, a Utah limited liability company, and DOUGLAS A. SMITH, an individual<br><br>              Plaintiffs,<br><br>vs.<br><br>MARC S. JENSON, an individual, MSF PROPERTIES, LC, a Utah limited liability company, BANK ONE, NA, a national banking association, MARK ROBBINS, an individual, MADTRAX GROUP, LLC, a Utah limited liability company, SPENCER BRANNAN, an individual, FIRST WASATCH DEVELOPMENT, INC., a Nevada corporation, and DOES 1-50,<br><br>              Defendants. | **NOTICE OF ALLOCATION OF FAULT PURSUANT TO UTAH CODE ANN. § 78B-5-821**<br><br><br><br>Case No. 2:04-CV-00867 TS<br>Honorable Ted Stewart<br>Magistrate Judge Brooke C. Wells |

Defendant JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Bank One"), pursuant to Utah Code Ann. § 78B-5-821, hereby provides this notice and a description of the factual and legal basis upon which fault can be allocated to persons or entities not joined as parties to this lawsuit.

The legal basis for allocation of fault to the below persons and entities is Utah Code §§ 78B-5-818 and 78B-5-821.

Bank One hereby requests that a separate special verdict form be submitted to the trier of fact whereby the percentage or portion of fault of the persons or entities not joined as parties to this lawsuit, but identified herein, as well as all Defendants, be apportioned and attributed pursuant to Utah Code Ann. §§ 78B-5-819 and 78B-5-821.

1. David Rutter
   c/o Counsel for Plaintiff

Factual Basis:  Mr. Rutter conducted due diligence (or conducted inadequate due diligence), evaluated the risk of, and potential return on, the loans to Spencer Brannan and others, and made the decisions to pledge property for loans for the benefit of Marc Jensen and/or MSF Properties, L.C.  Mr. Rutter also failed to mitigate damages by not acting either to stop the foreclosure on the pledged property, or to sell the property before the foreclosure.

2. Todd Fisher
   c/o Counsel for Plaintiff

Factual Basis:  Mr. Fisher conducted due diligence (or conducted inadequate due diligence), evaluated the risk of, and potential return on, the loans to Spencer Brannan and others, and made the decisions to pledge property for loans for the benefit of Marc Jensen and/or

MSF Properties, L.C.  Mr. Fisher also failed to mitigate damages by not acting either to stop the foreclosure on the pledged property, or to sell the property before the foreclosure.

    3.      Fibertel, Inc.
            c/o Counsel for Plaintiff

Factual Basis:  Fibertel, Inc., acting through its owner and agent Todd Fisher, conducted due diligence (or conducted inadequate due diligence), evaluated the risk of, and potential return on, the loans to Spencer Brannan and others, and made the decisions to pledge property for loans for the benefit of Marc Jensen and/or MSF Properties, L.C.  Fibertel, Inc. also failed to mitigate damages by not acting either to stop the foreclosure on the pledged property, or to sell the property before the foreclosure.

    4.      K & D Development
            c/o Counsel for Plaintiff

Factual Basis:  K & D Development conducted due diligence (or conducted inadequate due diligence), evaluated the risk of, and potential return on, the loans to Spencer Brannan and others, and made the decisions to pledge property for loans for the benefit of Marc Jensen and/or MSF Properties, L.C.  K & D Development also failed to mitigate damages by not acting either to stop the foreclosure on the pledged property, or to sell the property before the foreclosure.

    5.      Douglas A. Smith
            c/o Counsel for Plaintiff

Factual Basis:  Mr. Smith conducted due diligence (or conducted inadequate due diligence), evaluated the risk of, and potential return on, the loans to Spencer Brannan and others, and made the decisions to pledge properties for loans for the benefit of Marc Jenson and/or MSF Properties, L.C.  Mr. Smith also failed to mitigate damages by not acting either to stop the foreclosure on the pledged properties, or to sell the properties before the foreclosure.

6.       Spencer Brannan
6429 South Trophy Court
Gilbert, Arizona 85297
480-840-1663

Employer: Ahwatukee Adult Care
9859 South 46th Street
Mesa, Arizona 85044-5534
480-592-0058

Factual Basis: Mr. Brannan made false and fraudulent representations to Plaintiffs to induce Plaintiffs to pledge properties for loans to him and others.

7.       MSF Properties, L.C.
2340 Phylden Drive
Holladay, Utah 84117
801-277-3095

Factual Basis: MSF conspired to make false and fraudulent representations to Plaintiffs to induce Plaintiffs to pledge properties for loans to Brannan and others to further the fraudulent scheme alleged in the Second Amended Complaint. MSF or Mr. Jenson was a recipient of funds obtained by this scheme.

8.       Marc S. Jenson
2046 E. Normandywoods Court
Holladay, Utah 84117
801-277-3095

Believed to be self-employed

Factual Basis: Mr. Jenson conspired to make false and fraudulent representations to Plaintiffs to induce Plaintiffs to pledge properties for loans to Brannan and others to further the fraudulent scheme alleged in the Second Amended Complaint. MSF or Mr. Jenson was a recipient of funds obtained by this scheme.

9.  Mark Robbins
    1033 Quarry Mountain Way
    Park City, UT 84098
    cell 801-910-9696

    Believed to be self employed

Factual Basis:  Mr. Robbins made representations to Bank One to induce Bank One to allegedly issue the letters upon which Plaintiffs allegedly relied.  Mr. Robbins also failed to acquire the Mongoose Bicycle Division.

10. MadTrax Group, LLC
    Defunct

Factual Basis:  MadTrax Group made representations to Bank One to induce Bank One to allegedly issue the letters upon which Plaintiffs allegedly relied.  MadTrax also provided inaccurate and misleading financial statements and reports to Plaintiffs.  MadTrax failed to acquire the Mongoose Bicycle Division.

11. Stirling Real Estate Investment Trust, Inc.
    Unknown

Factual Basis:  Stirling Real Estate Investment Trust, Inc. promoted the so called "bank trades" program and induced Plaintiffs to pledge their properties for loans to use in "bank trades".

12. Uinta Ridge, Inc. aka Uinta Ridge Development, Inc.
    Unknown

Factual Basis:  Uinta Ridge, Inc. aka Uinta Ridge Development, Inc. was used by Spencer Brannan to add legitimacy to his fraudulent scheme to promote "bank trades".

13. First Wasatch Development, Inc.
    Unknown

Factual Basis:  First Wasatch Development, Inc. was used by Spencer Brannan to add legitimacy to his fraudulent scheme to promote "bank trades".

14. Allen Lucas
    763 East 1200 North, Apt. C2
    Logan, Utah 84341
    435-764-3494

    Employer:  Unknown

Factual Basis:  Allen Lucas was closely involved with Spencer Brannan, attended almost all of the meetings with Plaintiffs, and assisted Brannan in his fraudulent scheme to promote "bank trades".

15. Barry Daniels
    801-475-5560

    Employer:  Unknown

Factual Basis:  Barry Daniels endorsed and encouraged Plaintiffs to invest in the fraudulent "bank trades" and attended meetings promoting the "bank trades".

16. Dave Smith
    801-718-4383

    Employer:  Unknown

Factual Basis:  Dave Smith hosted meetings at which the fraudulent "bank trades" were discussed and promoted and encouraged Plaintiffs to invest in the "bank trades".

17. Curtis Hall
    2137 Oak Forrest Drive
    Layton, Utah 84040
    801-564-8049

    Employer:  Unknown

Factual Basis:  Curtis Hall endorsed and encouraged Plaintiffs to invest in the fraudulent "bank trades", held meetings at his home to promote and investigate the "bank trades", and attended other meetings to promote and investigate the bank trades.

18. Troy Stroud
    801-571-3821

    Employer:  Unknown

Factual Basis:  Troy Stroud helped Plaintiff Douglas Smith investigate the fraudulent "bank trades" and make the decision to invest.

19. Kenneth Hansen
    30 East 100 South, Suite 100
    Salt Lake City, Utah 84111

    Employer:  Unknown

Factual Basis:  Kenneth Hansen endorsed and encouraged Plaintiffs to invest in the fraudulent "bank trades", including making false representations that Bank One endorsed the program.

20. David Storrs
    Unknown

    Employer:  Unknown

Factual Basis:  David Storrs endorsed and encouraged Plaintiffs to invest in the fraudulent "bank trades" and purportedly operated a project in Chile which met the requirement under the fraudulent "bank trades" program for a portion of the profits to go to a humanitarian project.

21. Vern Houst
    Unknown

    Employer:  Unknown

Factual Basis:  Vern Houst endorsed and encouraged Plaintiffs to invest in the fraudulent "bank trades" and represented that the had the access and contacts to actually perform a "bank trade".

22. Richard "Skip" Christensen
    c/o Counsel: Robert M. Anderson
    VanCott Bagley Cornwall & McCarthy
    36 South State Street, #1900
    Salt Lake City, Utah 84111-1478

    Believed to be self-employed

Factual Basis:  Mr. Christensen conspired to make false and fraudulent representations to Plaintiffs to induce Plaintiffs to pledge properties for loans to Brannan and others to further the fraudulent scheme alleged in the Second Amended Complaint.

23. George Lawrence Critchfield
    40 North State Street, #3G
    Salt Lake City, Utah 84103-2000

    Believed to be self-employed

Factual Basis:  Mr. Critchfield conspired to make false and fraudulent representations to Plaintiffs to induce Plaintiffs to pledge properties for loans to Brannan and others to further the fraudulent scheme alleged in the Second Amended Complaint.

24. Morris "Morty" Ebeling
    11149 Windy Peak Ridge Dr.
    Sandy, Utah 84094
    801-572-7689

    Believed to be self-employed

Factual Basis:  Mr. Ebeling made false and fraudulent representations to Plaintiffs concerning bank trades to induce Plaintiffs to pledge properties and for loans to Brannan and others.

25.     Cherokee & Walker Investment Company, L.L.C.; Cherokee & Walker Ventures, LLC; and/or Cherokee & Walker LLC
        6440 S. Wasatch Blvd., Suite 200
        Salt Lake City, Utah 84121

Factual Basis:  One or more of these companies was the ultimate recipient of a portion of the funds obtained by this scheme.

26.     Arimex Investments, Ltd.
        Arianna House
        Dunmore Lane
        P. O. Box N-3822
        Nassau, New Providence, The Bahamas
        (0115265) 643799

Factual Basis:  Arimex failed to fund the loan which is the subject of the letter dated August 22, 2000, upon which Plaintiffs allegedly relied.  Alternatively, Arimex misrepresented its ability to make the loan.  Arimex also induced Bank One to issue the August 22, 2000 letter (if Bank One in fact issued the letter).

27.     Dr. Alfredo de la Puente
        c/o Arimex Investments, Ltd.

        Believed to be self-employed

Factual Basis:  Dr. de la Puente failed to cause Arimex to make the loan which is the subject of the letter dated August 22, 2000, upon which Plaintiff allegedly relied.  Alternatively, Dr. de la Puente misrepresented the ability of Arimex to make the loan.  Dr. de la Puente also induced Bank One to issue the August 22, 2000 letter (if Bank One in fact issued the letter).

28.     Roger Ellison
        Deceased

Factual Basis:  Mr. Ellison introduced Arimex and Dr. de la Puente into this transaction, hosted a meeting of Arimex and Dr. de la Puente and others at his office to vouch for them to

Bank One, and induced Bank One to issue the August 22, 2000 letter (if Bank one in fact issued the letter).

29.  Unisource Cap LLC
     5001 Birch Street
     Newport Beach, California 92660
     714-898-6684

Factual Basis:  Unisource made false representations concerning its financial condition and capabilities which were repeated in documents allegedly issued by Bank One.

30.  Zahra Ghods
     5001 Birch Street
     Newport Beach, California 92660
     714-898-6684

     Believed to be self employed

Factual Basis:  Ms. Ghods made false representations concerning the financial condition and capabilities of Unisource Cap which were repeated in documents allegedly issued by Bank One.

Dated this 6th day of June, 2008.

/s/ John A. Beckstead
John A. Beckstead
H. Douglas Owens
Romaine C. Marshall
HOLLAND & HART LLP

*Attorneys for Defendant JP Morgan Chase Bank, N.A., successor by merger to Bank One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following::

    Stephen J. Hill, sjh@pwlaw.com
    Robert B. Lochhead, rbl@pwlaw.com
    Jenifer L. Tomchak, jlt@pwlaw.com
    PARR, WADDOUPS, BROWN, GEE & LOVELESS
    185 South State Street, Suite 1300
    Salt Lake City, Utah 84111-1537

    Mark F. James, mjames@hjdlaw.com
    HATCH, JAMES & DODGE, P.C.
    10 West Broadway, Suite 400
    Salt Lake City, Utah 84101

    James E. Magleby, magleby@mgpclaw.com
    Christopher M. Von Maack, vonmaack@mgpclaw.com
    MAGLEBY & GREENWOOD, P.C.
    170 South Main Street, Suite 350
    Salt Lake City, Utah 84101

    Andrew G. Deiss, adeiss@joneswaldo.com
    Billie J. Siddoway, bsiddoway@joneswaldo.com
    JONES, WALDO, HOLBROOK & MCDONOUGH
    170 South Main Street, Suite 1500
    Salt Lake City, Utah 84101

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Spencer Brannan
    6429 South Trophy Ct.
    Gilbert, AZ   85297

                                          /s/ John A. Beckstead