IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH G. HANSEN, et al., <br><br> Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS DAVID RUTTER AND TODD FISHER AGAINST DEFENDANT SPENCER BRANNAN |
| vs. | |
| MARC S. JENSON, et al., <br><br> Defendants. | Case No. 2:04-CV-867 TS |

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment in Favor of Plaintiffs David Rutter and Todd Fisher Against Defendant Spencer Brannan. Plaintiffs Rutter and Fisher seek summary judgment against Defendant Brannan on their Tenth Claim for Relief—breach of the Letter Agreement. Defendant Brannan, who is proceeding pro se, has not responded to Plaintiffs' Motion. For the reasons discussed below, the Court will grant the Motion.

1

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[4]

## II. FACTUAL BACKGROUND

The undisputed facts are as follows. K&D Development, LC ("K&D") owned a large piece of commercial property located in Lehi, Utah (the "Lehi Property"). David Rutter and FiberTel, Inc. ("FiberTel") were the sole members of K&D. Todd Fisher was an officer of FiberTel.

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

During the summer of 2000, Defendant Brannan solicited Rutter and Fisher to execute a deed of trust on the Lehi Property for the purpose of securing a loan on the Lehi Property. Brannan promised to repay the loan on the Lehi Property and release the trust deed within 30 days and, as consideration for K&D granting the trust deed, to repay the remaining mortgage debt on the property. On September 26, 2000, Rutter executed a deed of trust on behalf of K&D which was used to secure a $345,000 loan from Dale Holt. Brannan did not repay Holt within 30 days as promised. Brannan explained that there had been some difficulty and that he needed K&D to execute an additional deed of trust to secure another loan. Rutter then signed a second deed of trust on November 2, 2000, which was used to secure a $706,000 loan from Creekside Funding.

Neither loan was paid when due. Both Holt and Creekside Funding sent K&D notices of default and scheduled foreclosure sales. Creekside Funding purchased the Lehi Property at the Holt foreclosure sale.

Throughout 2001 and 2002, Brannan promised to repay K&D for the loss of the Lehi Property. On May 17, 2002, Brannan executed a Letter Agreement whereby he promised to pay Rutter and Fisher the total sum of $2,150,000 (the value of the Lehi Property) plus interest at a rate of twelve percent per annum. Brannan has failed to make payments under the Letter Agreement.

### III. DISCUSSION

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4)

damages."[5]  The undisputed facts show that each of these elements has been met here.  Thus, Plaintiffs Rutter and Fisher are entitled to summary judgment against Defendant Brannan on their Tenth Claim for Relief.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Partial Summary Judgment in Favor of Plaintiffs David Rutter and Todd Fisher Against Defendant Spencer Brannan (Docket Nos. 130 and 181) is GRANTED.

DATED   September 5, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 391 (Utah 2001) (citing *Nuttall v. Berntson*, 30 P.2d 738, 741 (Utah 1934)).